**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARIAN ELAINE ADKINS**<br>1670 Balmoral Dr SW,<br>Conyers, GA 30094,<br><br>Plaintiff,<br><br>v.<br><br>**THOMAS E. PRICE,**<br>Secretary, Department of Health and Human Services,<br>200 Independence Avenue, S.W.<br>Washington, DC 20201,<br><br>Defendant. | Civil Action No. ______________ |

**COMPLAINT**
(Employment Discrimination)

**INTRODUCTION**

1. Plaintiff Marian Elaine Adkins brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e)-2 *et seq.*, and 42 U.S.C. § 1981a, to redress unlawful discrimination based upon her sex and retaliation perpetrated against her by manager(s) in the Operation and Maintenance Division, Office of the Assistant Secretary for Administration (ASA), Office of the Secretary (OS), HHS, Washington, DC. Specifically, plaintiff contends that her manager in the Operation and Management Division placed her in a Grade 14 position which was previously encumbered by male employee at the Grade 14 level, but refused to promoted her to the

Grade 14 level even after an independent a desk audit determined that she was doing Grade 14 work.

## JURISDICTION

2. This Court has subject matter jurisdiction over the claims raised herein pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16(c), and pursuant to the Civil Rights Act of 1991, 42 U.S.C. §1981(a). Subject matter jurisdiction is also pursuant to 28 U.S.C. § 1331, this action arising under the laws of the United States, thereby presenting a federal question.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Plaintiff has sufficiently exhausted all available administrative remedies on her claims have filed an administrative charges of discrimination and having received a Final Agency Decision (FAD) on those claims on January 29, 2017, and bringing this action within 90 days of her receipt of the FAD.

## VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(b) and 42 U.S.C. Section 2000e-5(f)(3), as although plaintiff actually worked in Atlanta, Georgia, she was employed by the Office of the Assistant Secretary for Administration (ASA), Office of the Secretary (OS), HHS, which is located in the District of Columbia, and the acts of discrimination complained of herein took place in the District of Columbia , and plaintiff's personnel records are maintained by the DHHS in the District of Columbia.

## PARTIES

5. Plaintiff Marian Elaine Adkins is a female resident of the State of Georgia. She was born on November 17, 1976, and is currently 40 years of age. She has worked for the Department of Health and Human services since 2010. At all times relevant to this complaint she worked as a GS-13 Human Resources Support Specialist and an Information Support Specialist.

6. Defendant Thomas E. Price (Defendant) is currently the Secretary of Health and Human Services, and as such is the head of the United States Department of Health and Human Services ("DHHS"), a department within the Executive Branch of the government of the United States (in which is contained the Administration for Children and Families ("ACF")) which has had more than 600 employees in each of the last 20 months. Defendant Price is here sued in his official capacity as head of the DHHS only.

## STATEMENT OF FACTS

7. In August 2011, Plaintiff's supervisor was Andrew Tarn, who was the Director, Operation and Maintenance Division, GS-15, HR Solutions, OHR, Office of the Assistant Secretary for Administration (ASA), Office of the Secretary (OS), HHS, Washington, DC.

8. During the time that she worked for Mr. Tam, she was required work extra hours beyond her regular 40-hour week, but was not compensated for her work. In addition, when she requested training Mr. Tam refused to approve it.

9. On August 12, 2011, Mr. Tam assigned Plaintiff the project manager role previously held by Mr. Alvin Tucker, who worked as a GS-14. Plaintiff asked Mr. Tarn why the other GS 14's on the team did not take over Mr. Tucker's responsibilities, but Mr. Tam did not provide the reason why he had assigned Mr. Tucker's duties to Plaintiff. Plaintiff she conveyed to Mr. Tam her concerns about doing the work of a GS-14 employee while being paid as a GS-13 employee.

10. One week after Mr. Tam assigned her the job, Ms. Adkins ask Mr. Tam to arrange a desk audit to confirm she was being assigned GS-14 duties. When no desk audit was performed, she asked Mr. Tam again in August 2012, to arrange a desk audit but again she received no response to that request either.

12. In June and July 2015, plaintiff submitted a second and third desk audit request. Finally in November 2015, a desk audit was completed and confirmed that she was working at the Grade 14 level. However, her supervisor Mr. Tam refused to take action to allow her to be promoted.

12. Finally, frustrated with Mr. Tam's continuing actions to block her promotion and other treatment, Plaintiff initiated the EEO process and, in February 2016, accepted a lateral reassignment to the Center for Disease Control. Upon her departure, a Grade 14 male employee was assigned to the duties she had been performing.

13. Based upon her outstanding performance 2015 plaintiff was entitled a cash performance bonus, which she had also received for her performance in 2013 and 2014. However, in retaliation for her having complained about her pay disparity, Mr. Tam

lowered her performance rating and did not allow her to received a bonus for her work in 2015.

## STATEMENT OF CLAIMS

### I. Sex Discrimination.

14. The actions and omissions taken by Ms. Adkins' Managers at DHHS, as described above in Paragraph Nos. 7 through 12, were taken with an intent to discriminate against Ms. Atkins on the basis of her sex and as such constitute violations of the Title VII of the Civil Rights Act by defendant against plaintiff.

15. As a consequence of such acts of discrimination by defendant, Ms. Adkins has suffered and continues to suffer adverse consequences, including loss of pay and benefits of such employment, career damage, personal and professional embarrassment and humiliation, emotional pain and suffering, and a loss of the enjoyment of life.

### II. Retaliation for Prior and Continuing Protected Civil Rights/EEO Activity.

16. The actions and omissions taken by Ms. Adkins' Managers at DHHS, specified in Paragraph 13 above, were taken with an intent to retaliate against Ms. Adkins account of her prior and continuing EEO / Civil Rights Activities, and as such constitute violations of the Title VII of the Civil Rights Act by defendant against plaintiff.

17. As a consequence of the acts of retaliation, by defendant, Ms. Adkins has suffered and continues to suffer adverse consequences, including loss of pay and benefits of such employment, career damage, personal and professional embarrassment and humiliation, emotional pain and suffering, and a loss of the enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court enter judgment in her favor and against defendant on the claims of unlawful employment discrimination and retaliation and provide her with the following relief:

(a) award plaintiff compensatory damages against defendant in the amount of $300,000.00, plus interest thereon;

(b) order defendant to retroactively promote Plaintiff to the Grade 14 level and pay to her backpay with interest effective August 12, 2011, the date she began performing Grade 14 duties;

(c) enjoin defendant and its officers and directors from further discriminating or retaliating against plaintiff;

(d) award plaintiff the costs of bringing and maintaining this civil action and the administrative complaints that necessarily preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. 2000e-5(k); and

(e) award plaintiff such other and further relief as the interests of justice may require.

**Jury Demand**

Plaintiff hereby requests a trial by jury on all issues of fact, including the measure of damages.

.

Respectfully submitted,

*/s/Richard L. Swick*

Richard L. Swick
D.C. Bar No. 961326
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.
Suite 205
Washington, DC 20005
Tel (202) 842-0300
Fax (202) 842-1418
rlswick@swickandshapiro.com

Attorney for Plaintiff